UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CLIFTON M. BROOKS, SR.,

        Plaintiff,

vs.                                  Case No.  3:08-cv-122-J-32MCR

HAJOCA CORP., et al.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION[1]

      This case is before the Court on Plaintiff's Amended Complaint (Doc. 5) as

well as Plaintiff's Amended Affidavit of Indigency (Doc. 6), which this Court

construes as an amended motion for leave to proceed in forma pauperis.  On March

4, 2008, this Court took Plaintiff's original motion for leave to proceed in forma

pauperis (Doc. 2) under advisement and noted that both Plaintiff's Affidavit of

Indigency and Complaint were deficient.  (Doc. 4).  The Court ordered Plaintiff to file

an amended Affidavit of Indigency as well as an Amended Complaint.  Plaintiff did

so on March 18, 2008.

      The Court has reviewed both the Amended Affidavit and Complaint and

notes that Plaintiff's affidavit does indicate he is unable to pay the fees associated

with litigation.  Before a plaintiff is permitted to proceed in forma pauperis, however,

---

[1] Any party may file and serve specific, written objections hereto within TEN (10) DAYS after service of this Report and Recommendation.  Failure to do so shall bar the party from a de novo determination by a district judge of an issue covered herein and from attacking factual findings on appeal.  See 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(a), 6(a) and (e); Local Rules 6.02(a) and 4.20, United States District Court for the Middle District of Florida.

the Court is obligated to review the complaint to determine whether it is frivolous,

malicious, "fails to state a claim upon which relief may be granted[,]" or . . . "seeks

monetary relief against a defendant who is immune from such relief." 28 U.S.C. §

1915(e)(2).  If the complaint is deficient, the Court is required to dismiss the suit <u>sua</u>

<u>sponte</u>.  <u>See</u> <u>id.</u>   A review of Plaintiff's Amended Complaint reveals it is still

deficient.  Plaintiff is attempting to sue his employer, Hajoca Corporation[2], for a

violation of his equal protection rights pursuant to 42 U.S.C.A. § 1981.   (Doc. 5).

As an initial matter, the Court notes that to state a claim under 42 U.S.C.A. § 1981,

Plaintiff must allege: (1) he is a member of a racial minority; (2) the defendant had

an intent to discriminate on the basis of race; and (3) the discrimination interfered

with one of the activities under the statute, i.e., with his right to make or enforce a

contract.  <u>Baltimore-Clark v. Kinko's Inc.</u>, 270 F.Supp. 2d 695, 699 (D. MD. 2003).

Here, Plaintiff fails to allege any of the prerequisites for stating a § 1981 claim.

Moreover, the Court finds Plaintiff can prove no facts entitling him to relief, as

Plaintiff has not identified an impaired contractual relationship under which he has

rights.  The failure to allege a contractual relationship is a fatal flaw to Plaintiff's

ability to sue under 42 U.S.C. § 1981 because § 1981 "protects the equal rights of

'all persons within the jurisdiction of the United States' to 'make and enforce

contracts' without respect to race."  <u>Domino's Pizza, Inc. v. McDonald</u>, 546 U.S.

470, 126 S.Ct. 1246, 1249, 163 L.Ed.2d1069 (2006) (citing 42 U.S.C. § 1981(a)).

---

[2]  Plaintiff also names Shantell Necole Harris and Mary Harris as defendants, but fails to set forth any specific cause of action against them.  If Plaintiff also meant to assert a claim pursuant to 42 U.S.C. § 1981 against them, his claim fails for the same reasons addressed by the undersigned in the remainder of this Report and Recommendation.

-2-

Plaintiff fails to state any additional basis for the relief requested or for this Court's jurisdiction.  Accordingly, it is hereby

**RECOMMENDED**:

Plaintiff's applications to proceed without prepayment of fees contained in his Affidavits of Indigency (Docs. 2 and 6) be **DENIED** and the complaint be **DISMISSED without prejudice** to Plaintiff filing a paid complaint.

**DONE AND ORDERED** at Jacksonville, Florida this  27th  day of May, 2008.

*Monte C. Richardson*

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Honorable Timothy J. Corrigan
United States District Judge

Counsel of Record
Pro Se Parties